Chief Justice Robertson
delivered the Opinion of the Court
Iw this case, we deem it proper to consider two only of the various questions which' have been argued:—
First.. When a deed, acknowledged before the mayor of the city of Richmond, in "Virginia, far 1 and in this state, recites that the grantor 'was not, at the date of the acknowledgment, a citizen of Richmond, but of another place in Virginia, can the mayor’s certificate authorize the clerk of the county in which the land lies, to record the deed in his office, without any other prool?
Second. Prior to the statute of 1810, 1 Digest, 323, could a deed for land in this state have been legally admitted to record in the clerk’s office of the county in which the land lay, without any other .proof than a certificate by a clerk of some other county (in the state) that the deed had been proved or acknowledged before him ?
I. A proper interpretation of the statute of 1797, 1 Dig. 313, requires an affirmative answer to the first question. It was evidently the object of that act to allow a nonresident of Kentucky to-acknowledge a deed for land lying within her jurisdictional limits, before the mayor of any foreign city of which the grantor was at the time of acknowledgment, a resident. Residence, either permanent or temporary, in the city of Richmond when the deed was acknowledged, is all that the act of 1797 (supra) required, and the certificate of the mayor imports such a residence by the grantor, although he was not a citizen of Richmond.
II. But a different answer mi st be given to the second question. Prior to 1810, there was no law authorizing a clerk to record a deed for .land lying in his *523 county, upon a certificate of proof or acknowledgment before a clerk of any other county. . Wherefore, the clerk of Pendleton had no authority to record in lus office the deed from Jordan Harris, without any other proof than the certificate of the clerk of Fayette county. Nor did the same certificate alone authorize the clerk of this court to record the deed in his office. The circuit court consequently erred in admitting a copy of the deed from Jordan Harris to be read on the trial as competent evidence. For that cause, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.